```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN


FATHER ERIC ZIMMER, AS TEMPORARY      )
TRUSTEE OF THE RUDOLPH P. AND         )
FLORENCE NADBATH TRUST,               )
                                      )
               Plaintiff,             )
                                      )
                                      )    Civil No. 2005-129
     V.                               )
                                      )
                                      )
VF DEVELOPMENT, LLC, ZELIMIR          )
CVETKO, FEMION MEZINI, VLADIMIR       )
CVETKO, and DOES 1-50,                )
inclusive,                            )
                                      )
               Defendants.            )
_____)
```

## MEMORANDUM AND ORDER

This matter is before the Court on Attorney Terri Griffiths' Motion to Intervene in the above-captioned as a Plaintiff-Intervenor, Plaintiff's Opposition to the Motion to Intervene, Attorney Griffiths' Reply to the Opposition and Plaintiff's Supplemental Brief in Opposition to the Motion to Intervene.

### RELEVANT FACTS

The relevant facts to this Motion to Intervene are as follows: On August 17, 2005, Plaintiff filed this action alleging that upon information and belief, the Defendant, Zelimir Cvetko, ("Cvetko") while acting the trustee for the Rudolph P. and Florence Nadbath Trust ("Trust"), transferred approximately

Father Zimmer as Temporary Trustee of the Rudolph P. And Florence Nadbath
Trust v. VF Development,LLC, et al.
Civil No. 2005-129
Order
Page 2 of 10

$1,276,000 from the Trust to third parties under his control and used all or a portion of the money for improvements to Parcel No. 10-32AB-3 Estate Carolina, No. 1 Coral Bay Quarter, St. John ("Parcel No. 10-32AB-3"), thereby unjustly enriching himself with the use of the Trust's assets. Parcel No. 10-32AB-3 is owned by Cvetko and Defendant, Vladimir Cvetko. By Order dated October 13, 2006, the court allowed the Plaintiff to file a second amended complaint. In the second amended complaint, the Plaintiff alleges that Defendant Femion Mezini transferred $220,000 to Cvetko and secured the loan with a mortgage against Parcel No. 10-32AB-3, and that upon information and belief, the $220,000 originated from the Trust.

By an engagement letter signed and dated January 17, 2006, Cvetko and Attorney Griffiths agreed that Attorney Griffiths would be entitled to a $15,000 retainer fee to be memorialized by a promissory note which was to be executed simultaneously with the engagement letter.[1] The engagement letter also provides that Attorney Griffiths' fee would be $300 per hour and that the fees would be due at the resolution of the dispute, "whether by settlement or litigation." The engagement letter further provides:

---

[1] The promissory note was not submitted to the Court with the engagement letter.

Father Zimmer as Temporary Trustee of the Rudolph P. And Florence Nadbath
Trust v. VF Development,LLC, et al.
Civil No. 2005-129
Order
Page 3 of 10

> At the mediation on January 9, 2006, we learned that the trust would like to exchange the Coral Bay Concrete Company LLC for your personal residence on St. John. My fees will be a priority lien relating back to January 17, 2006, on either property that you choose to accept at the close of the dispute. It is further agreed that I will have all general, possessory, or retaining liens, and all special or charging liens known to common law, but not contrary to Virgin Islands' law.

On November 21, 2006, Attorney Griffiths filed a Motion to withdraw representation of Cvetko, which the court granted on October 13, 2006. On April 16, 2007, Attorney Griffiths filed the instant Motion to Intervene and Plaintiff-Intervenor Complaint alleging that Cvetko defaulted on the terms of the promissory note and that her fees are secured by a priority lien against Cvetko's residence, Parcel No. 10-32AB-3, by virtue of the terms of the engagement letter and the promissory note, which were both executed on January 17, 2006. In oral argument in this matter on August 15, 2007, Attorney Griffiths argued that she had a charging lien against the property and that she had filed a UCC-1 Financing Statement with the Lieutenant Governor's Office in an attempt to create a security interest in the property.

## DISCUSSION

The only provision in the Virgin Islands Code that addresses an attorney's entitlement to attorney fees is title 5 Virgin Islands Code, section 451(a), which provides that

Father Zimmer as Temporary Trustee of the Rudolph P. And Florence Nadbath
Trust v. VF Development,LLC, et al.
Civil No. 2005-129
Order
Page 4 of 10

attorneys' fees are allowed in civil actions as costs. Subsection

(b)further provides:

> The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto; provided, however, the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous. V. I. Code Ann. tit. 5, § 541(b) (1997).

Virgin Islands law does not address whether an attorney may have a lien against a client for non-payment of fees.  Title 1 Virgin Islands Code, section 4 provides that the Restatements shall be the rule of decision in the courts of the Virgin Islands, in the absence of local law to the contrary.  V. I. Code Ann. tit. 1, § 4 (1995).  Accordingly, pursuant titles 1 Virgin Islands Code, section 4, this court must look to Restatements for the applicable law on this issue.  Restatement of Law, Third, The Law Governing Lawyers, section 43 is applicable to the issue currently before the court.  Section 43 in pertinent part provides:

> Lawyers Liens. (1) Except as provided in Subsection (2) or by statute or rule, a lawyer does not acquire a lien entitling the lawyer to the client's property in the lawyer's possession in order to secure payment of the lawyer's fees and disbursements. A lawyer may decline to deliver to a client or former client an original or copy of any document prepared by the lawyer or at the lawyer's expense if the client or former client has not paid all fees and disbursement due for the lawyer's work in preparing the

Father Zimmer as Temporary Trustee of the Rudolph P. And Florence Nadbath Trust v. VF Development,LLC, et al.
Civil No. 2005-129
Order
Page 5 of 10

document and nondelivery would not harm the client or former client.
          (2) Unless otherwise provide by statute or rule, client and lawyer may agree that the lawyer shall have a security interest in property of the client recovered for the client through the lawyer's efforts, as follows:
          (a) the lawyer may contract in writing with the client for a lien on the proceeds of the representation to secure payment for the lawyer's services and disbursement in that matter;
          (b) the lien becomes binding on a third party when the party has notice of the lien;
          (c) the lien applies only to the amount of fees and disbursements claimed reasonably and in good faith for the lawyer's services performed in the representation; and
          (d) the lawyer may not unreasonably impede the speedy and inexpensive resolution of any dispute concerning those fees and disbursement or the lien. . . . .

          (4) With respect to property neither in the lawyer's possession nor recovered by the client through the lawyer's efforts, the lawyer may obtain a security interest on property of a client only as provided by other law and consistent with §§ 18 and 126.  Acquisition of such a security is interest in a business or financial transaction with a client within the meaning of § 126. Restatement (Third) The Law Governing Lawyers § 43 (2000).

Accordingly, pursuant to Restatement, 3d. subsection (1), Attorney Griffith may acquire a lien to Cvetko's property currently in her possession to secure payment of her fees only to the extent it is provided for by statute, rule or in subsection (2).

          As indicated above, Virgin Islands does not have any statutory law that addresses a lawyer's lien on a client's property.  However, the American Bar Association Model Rules of Professional Conduct, Rule 1.8(i)provides:

Father Zimmer as Temporary Trustee of the Rudolph P. And Florence Nadbath
Trust v. VF Development,LLC, et al.
Civil No. 2005-129
Order
Page 6 of 10

> A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may:
>
> (1) acquire a lien authorized by law to secure the lawyer's fee or expenses; and
>
> (2) contract with a client for a reasonable contingent fee in a civil case. ABA Model Rules of Professional Conduct, Rule 1.8 (i), (2002).

The Model Rules provide that a lien may be had only to the extent authorized by law and there is no Virgin Islands law authorizing a lien and the Restatement 3d, the Law Governing Attorney, section 43 (1) permits Attorney Griffiths to retain the original or a copy of any document prepared by her or at her expense if, the nondelivery would not unreasonably harm Cvetko. However, it would permit her to acquire a lien on property in her possession only to the extent authorized by statute, rule or as provided in subsection (2) of section 43.

Subsection (2) of section 43, provides that a lawyer and client may agree that the lawyer may have a security in property of the client recovered for the client through the lawyers efforts as described above. The operative term in section (2) is that the security interest must be in property of the client recovered for the client through the lawyer's efforts. Where the attorney's service does not create any proceeds, but consist solely of defending a title or interest already held by

Father Zimmer as Temporary Trustee of the Rudolph P. And Florence Nadbath
Trust v. VF Development,LLC, et al.
Civil No. 2005-129
Order
Page 7 of 10

the client, there is no lien on that title or interest. *Zelman v. Zelman*, 833 N.Y.S 375,377 (Sup. Ct. N.Y. County 2007); 7 Am Jur 2d Attorneys at Law, § 357 (2007). The engagement letter that Cvetko executed provides that Attorney Griffiths would have a "general, possessory, or retaining liens, and all special or charging liens known to common law" against Cvetko's interest in the Coral Bay Concrete Company[2] or Parcel No. 10-32AB-3 Estate Carolina. Here, Attorney Griffiths seeks to have a security interest is property owned by Cvetko prior to initiation of the lawsuit. Albeit it is alleged that monies from the Trust were used to improve the property and a lis pendens has been filed against the property, and it is a subject of litigation, notwithstanding these acts, Cvetko never lost his ownership interest in the property and it cannot be rightly considered to have been recovered through the efforts of Attorney Griffiths when he never lost his interest in it. *Desmond v. Socha*, 38 A. D.2d 22, 24 327 N.Y.S.2d 178, 181 (N.Y. App. Div. 1971)(There was nothing recovered or created by the attorney's efforts to which a lien could attach for the enhanced value of realty by obtaining the removal of an onerous zoning restriction.) Accordingly,

---

[2] In Attorney Griffiths' complaint, allegation number 7, she avers that Cvetko would not make a swap of his residence for an interest in the Coral Bay Concrete Company.

Father Zimmer as Temporary Trustee of the Rudolph P. And Florence Nadbath Trust v. VF Development,LLC, et al.
Civil No. 2005-129
Order
Page 8 of 10

Attorney Griffiths attempt to establish a charging lien does not meet the requirements of section 43(2).

Finally, section 43, subsection (4) provides that a lawyer may obtain a security interest in property not in the lawyer's possession nor recovered by the lawyer **only** as provided by other law **and** consistent with §§ 18[3] and 126[4] of the

---

[3] § 18 Client-Lawyer Contracts (1) A contract between a lawyer and client concerning the client-lawyer relationship, including a contract modifying an existing contract, may be enforced by either party if the contract meets other applicable requirements, except that:
   (a) if the contract or modification is made beyond a reasonable time after the lawyer has begun to represent the client in the matter (see § 38(1)), the client may avoid it unless the lawyer shows that the contract and the circumstances of its formation were fair and reasonable to the client; and
   (b) if the contract is made after the lawyer has finished providing services, the client may avoid it if the client was not informed of facts needed to evaluate the appropriateness of the lawyer's compensation or other benefits conferred on the lawyer by the contract.
(2) A tribunal should construe a contract between client and lawyer as a reasonable person in the circumstances of the client would have construed it.

[4] § 126 Business Transactions Between a Lawyer and a Client

   A lawyer may not enter participate in a business or financial transaction with a client, except a standard commercial transaction in which the lawyer does not render legal services, unless:

      (1) the client has adequate information about the terms of the transaction and the risks presented by the lawyer's involvement in it;

      (2) the terms and circumstances of the transaction are fair and reasonable to the client; and

Father Zimmer as Temporary Trustee of the Rudolph P. And Florence Nadbath Trust v. VF Development,LLC, et al.
Civil No. 2005-129
Order
Page 9 of 10

Restatement, 3d of the Law Governing Lawyers.  Parcel No. 10-32AB-3 is not in Attorney Griffiths possession nor was it recovered through her efforts.  The engagement letter is considered a financial transaction within the meaning of section 126 of the Restatement 3rd, Law Governing Lawyers. (See, comment a, Restatement, Third, Law Governing Lawyers.) Accordingly, there must be a showing that the criteria in subsections 1, 2, and 3 of section 126 are met.  Here, there is no showing that Attorney Griffiths advised or offered Cvetko the opportunity to obtain independent legal advice regarding the promissory note or the engagement letter consistent with section 126.

In conclusion, the court finds that the engagement letter signed by the Parties did not create a charging lien on behalf of Attorney Griffiths against Cvetko's interest in Parcel No. 10-32AB, Coral Bay Quarter, St. John, Virgin Islands and that in light of the foregoing legal authority, the filing of a UCC-1 Financing Statement filed by Attorney Griffiths with the Lieutenant Governor's Office does not secure a lien or create a

---

(3) the client consents to the lawyer's role in the transaction under the limitations and conditions provided in § 122 after being encouraged, and given a reasonable opportunity, to seek independent legal advice concerning the transaction.

Father Zimmer as Temporary Trustee of the Rudolph P. And Florence Nadbath Trust v. VF Development,LLC, et al.
Civil No. 2005-129
Order
Page 10 of 10

security interest against Parcel No.10-32AB in favor of Attorney Griffiths.

    For the foregoing reasons, it is hereby

    **ORDERED**, that Plaintiff's Motion to Intervene is

**DENIED**.


**DATED**: January 29th, 2008        **/S/GEOFFREY W. BARNARD**
                                                    GEOFFREY W. BARNARD
                                                    United States Magistrate Judge

**ATTEST:**
WILFREDO F. MORALES
Clerk of the Court

By:_____
        Deputy Clerk

**Copies to:**

Gregory H. Hodges, Esq.
Terri Griffiths, Esq.
Francis J. D'Eramo, Esq.
Carol Ann Rich, Esq.
Ruth Miller, Esq.
Femion Merzini
Claudette Donovan
Sharline L. Rogers, Esq.